█ In the Matter of PAUL H., a Person Alleged to be in Need of Supervision.—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: The rec-

ord reveals that the Law Guardian for respondent admitted the allegations in the PINS petition on respondent's behalf and that at no time did the court advise respondent of his right to remain silent or of possible dispositional orders (Family Ct Act §§ 741, 321.3 [1]). That was error *(see, Matter of Mark S.,* 144 AD2d 1010; *Matter of Tomika M.,* 136 AD2d 951).* The order of probation was a nullity and must be vacated because the sentence of probation was predicated upon an invalid admission *(see, Matter of Mark S., supra).* Moreover, it would be inappropriate to remit the matter for a new fact-finding determination because respondent's probation period has expired *(see, Matter of Mark S., supra; Matter of Corey L.,* 140 AD2d 609). (Appeal from order of Erie County Family Court, Killeen, J.—PINS.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.